## LEVI v. LEGG & BELL.

1. A chattel mortgage operates as a transfer of title, and the stipulation permitting the mortgagor to retain possession until condition broken, is personal to him and cannot be assigned; hence the mortgagee, before condition broken, may maintain action for recovery against the purchaser at sheriff's sale of the mortgaged chattels.

2. The Circuit Judge could not, without invading the province of the jury, charge them that "no damages having been alleged or proved, they could not render a verdict for damages."

3. The damages sustained by a plaintiff from the unlawful detention of his chattels, for the recovery of which he sues, constitute no part of his cause of action, but are incident to the violation of his rights; and where damages are not alleged in the complaint, but claimed as part of the relief demanded, the jury may find a verdict for damages.

4. Error on the part of the jury in finding damages without sufficient proof, can be corrected only by motion on Circuit for a new trial.

Before KERSHAW, J., Clarendon, October, 1884.

The opinion states the case.

*Messrs. Earle & Purdy,* for appellants.

*Messrs. Moise & Huggins,* contra.

July 20, 1885.   The opinion of the court was delivered by

MR. JUSTICE MCIVER.   The facts of this case, so far as necessary to a proper understanding of the questions raised by this appeal, are substantially as follows: On January 16, 1883, the defendant, Griffin, executed a mortgage on certain property, including the two mules which are the subject of the present action, to the plaintiff, to secure the payment of a bond which became payable on December 8, 1883.   This mortgage contained the usual stipulation that upon default in payment of the amount which it was intended to secure the mortgagee might enter upon the premises of the mortgagor and take possession of the mortgaged property, &c., and that in the meantime the mortgagor might retain possession.   On April 2, 1883, before the time fixed for payment of the mortgage debt, the property in question was sold by the sheriff under an execution against the mortgagor, and on the same day went into possession of the defendants, Legg & Bell, as purchasers from the party who had bid off the property at sheriff's sale.

While the property was in the possession of Legg & Bell, the plaintiff made a demand for it, which being refused, this action was commenced on April 3, 1883, to recover possession of the two

mules so sold at sheriff's sale as the property of Griffin. In the complaint there is no specific allegation that the plaintiff has sustained any damages by reason of the unlawful taking or detention of the property, but in the prayer for relief judgment is demanded "for the possession of the said two mules; and in case possession thereof cannot be had, then for the sum of three hundred and fifty dollars, the value thereof, and one hundred dollars damages for the taking and detention thereof." It is stated in the "Case" as prepared for argument here that "the plaintiff did not attempt to offer any testimony whatever as to damages sustained by reason of the taking and detention of the mules."

At the trial below the defendants requested the Circuit Judge to charge the jury "that no damages having been alleged, and no damages having been proved, they could not render a verdict for damages." This request was refused, and the jury were instructed "that upon an allegation of a wrongful taking and conversion of property, damages followed as a corollary, and it was sufficient that damages be claimed in the demand for judgment; and that the jury were at liberty, under the pleadings, to find damages, if there has been any testimony upon that point." The jury were also instructed "that as soon as the property went into the possession of the purchaser at sheriff's sale under execution against the mortgagor, the mortgagee had the right to seize the same under his mortgage, although the condition thereof had not been broken."

The jury having found a verdict that the plaintiff was entitled to the property or its value, and for the sum of fifty dollars damages, the defendants appeal upon exceptions duly taken, which raise two questions : 1st. Could the plaintiff maintain the action before the condition of the mortgage was broken ? 2d. Could the plaintiff, under the pleadings and evidence, recover any damage ?

The first question, it seems to us, is conclusively determined by the decisions of our own courts in the case of *Spriggs* v. *Camp*, 2 *Speer*, 181, recognized and affirmed in *Bellune* v. *Wallace*, 2 *Rich.*, 80. These cases, which are binding as authority upon us, expressly decide that a mortgagee of chattels may maintain an action for a mortgaged chattel, even before condition

broken, against a purchaser from the mortgagor, either directly or through the process of the court. They rest upon the theory that a mortgage of personal property, unlike one of real estate, operates as a transfer of the title of the property, and that the stipulation usually found in mortgages of chattels, that the mortgagor may retain possession until condition broken, is personal to the mortgagor and cannot be assigned or transferred to another. Hence, whenever a mortgaged chattel is found in possession of another than the mortgagor, who alone can avail himself of the personal license to retain possession, the mortgagee, as the legal owner, may recover possession of such chattel. It is clear, therefore, that in this respect the Circuit Judge committed no error.

The next inquiry is as to the damages. The judge could not have charged as requested upon this point, because it required him to determine what was proved, which, of course, he could not do, as that was a matter exclusively for the jury. It therefore only remains for us to consider whether there was any error in the instruction which he gave to the jury as to the question of damages, as that also was excepted to. That instruction practically amounted to this, that there was no necessity for any specific allegation in the complaint that the plaintiff had sustained any damage by reason of the unlawful taking and detention of his property, but that the violation of plaintiff's rights having been alleged, damages were a mere incident to such violation and need not be specially alleged, and it was sufficient that damages should be claimed in the demand for relief. In this we cannot say there was any error of law. It is true that the demand for relief constitutes no part of the plaintiff's cause of action, and cannot be resorted to for the purpose of supplying any fact necessary to the plaintiff's cause of action which has been omitted in the body of the complaint. Here, however, the damages which the plaintiff may have sustained constituted no part of his cause of action. They were only the consequences which flowed from the violation of the plaintiff's rights by the unlawful seizure and detention of his property, and really constituted a part of the relief which he demanded for such violation of his rights. It is true that there may be cases in which it is necessary to the maintenance of the action that *special* damages should be alleged and

proved, but this is not such a case, and therefore we need not go into that matter.

Whether there was any proof, or any sufficient proof, to warrant the jury in finding the amount of damages which they did find, or any at all, are questions of fact over which we have no jurisdiction. If there was any error on the part of the jury in this respect, the proper mode of correcting it would have been by a motion, addressed to the Circuit Court, for a new trial.

The judgment of this court is that the judgment of the Circuit Court be affirmed.